## Riddle, et al. v. Runnions, et al.

(Decided February 12, 1915.)

### Appeal from Pike Circuit Court.

1. Land—Action to Recover—Evidence.—Plaintiff sought to recover from defendants certain lands, claiming title through her father by deeds conveying to her all the land which the grantor owned in that vicinity, and which he had not theretofore conveyed. Defendants claimed title through a prior deed from plaintiff's father including "all the land in said boundary belonging to the party of the first part." Held, under the evidence, that the deed to defendants embraced the land subsequently conveyed to plaintiff, and that plaintiff's father had no title to the land at the time he conveyed it to her; and that the chancellor properly found for the defendants.

2. Deeds—Evidence of Mistake—Admissibility.—Evidence of a mistake in a deed is only competent in a direct action brought for the purpose of reforming the deed within the statutory time.

ROSCOE VANOVER for appellants.

J. S. CLINE for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On July 8, 1850, Reuben Rutherford obtained a patent to 50 acres of land lying on Cow Branch of Pond Creek in Pike County. On the same day William May obtained a patent for 50 acres of land adjoining the former patent. In the year 1869 John Redford (Rutherford) obtained a patent for 15 acres of land adjoining Reuben Rutherford and William May patents. In the year 1866 Reuben Rutherford conveyed to his son John the land covered by the Reuben Rutherford and William May patents. In the year 1904 John Rutherford conveyed to his grandson, Landon Rutherford, a tract of land lying on the Cow Branch of Pond Creek, containing 100 acres, more or less. After giving various lines, the description in the deed concludes as follows:

"Thence with said John Rutherford's back lines a chestnut oak on top of the ridge, thence down the point with the center thereof, to a beech, thence a straight line to the beginning, so as to include all the land in said boundary belonging to the party of the first part."

On January 4, 1913, Landon Rutherford conveyed all the land which he acquired from his grandfather, John Rutherford, to Dixie Blackburn. On January 20th Dixie Blackburn conveyed to Fanny J. Runnions that part of the land acquired from Landon Rutherford lying on the Meadow Branch, a tributary of Pond Creek, and adjoining Fanny J. Runnions' home place. On May 12, 1913, Dixie Blackburn and husband conveyed to Mont Smith a certain tract of land lying on Peg's Branch of Pond Creek, and adjoining the land of Dixie Blackburn at the top of the hill at the head of Cow Branch Fork of Pond Creek. The tract conveyed to Fanny J. Runnions consists of two small tracts, one of two and eight-tenths acres, and the other of seven and three-tenths acres. The tract conveyed to Mont Smith consists of nine and six-tenths acres.

By deeds dated July 8, 1908, and October 18, 1912, Parlee Riddle, a daughter of John Rutherford, acquired title to all the land which her father owned in that vicinity, and which he had not theretofore conveyed.

Plaintiff, Parlee Riddle, brought this suit against Fanny J. Runnions to recover the two small tracts of land aggregating ten and one-tenth acres, and adjoining her home place, and against Mont Smith to recover the

tract on Peg's Branch, consisting of nine and six-tenths acres. The two suits were consolidated, and judgment entered in favor of defendants. Plaintiff appeals.

While the defendants resisted a recovery on several grounds, we deem it necessary to consider but one. In acquiring title to the lands in question plaintiff proceeded on the theory that these lands were not covered by the deed which her father had made to his grandson, Landon Rutherford. Of course, if the lands are included in that deed, then John Rutherford had parted with his title, and plaintiff acquired no title by virtue of the deeds which she subsequently obtained. John Rutherford testified that if the deed covered the land in controversy, it was a mistake. Manifestly this evidence was incompetent. Evidence of a mistake in a deed would not have been competent except in a direct action brought for the purpose of reforming the deed within the statutory time. Several witnesses testified that, taking into consideration the natural objects called for in the description, the description covered the tracts of land in controversy. In view of this testimony, and of the further fact that the description calls to run with the back lines of Rutherford, and concludes "so as to include all the land in said boundary belonging to the party of the first part," it is reasonably certain, we think, that the deed was intended to cover, and does cover, all the land which the grantor owned in that boundary. That being true, it follows that John Rutherford had no title to the tract in question when he attempted to convey to plaintiff, and that the judgment rendered by the chancellor was proper.

Judgment affirmed.