## Commercial Auto Company v. Brandeis Machinery & Supply Company.

(Decided March 6, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Appeal and Error—Sufficiency of Pleadings to Sustain Judgment Only Question Reviewable in Absence of Bill of Exceptions.—Where there was no bill of exceptions in the record on appeal from a judgment for defendant on its counterclaim, the only question presented for review is whether the pleadings support the judgment.

2. Evidence—Long Contract Prepared by Distributor Held not Memorandum Explainable by Parol.—The rule that a written Contract, which was a mere memorandum, not purporting to contain all the terms of the agreement, can be explained and clarified by the introduction of oral testimony, cannot be applied, where the contract sued on, which was attached to the petition, was a standard form complete in every detail, adopted by plaintiff for use by it among its retail dealers everywhere, and was offered to its retail dealer as a complete contract, and so accepted and executed by him.

3. Reformation of Instruments—Mistake Must be Alleged to be Mutual.—Before one can have reformation of a written instrument upon the grounds of mistake, he must allege and prove by satisfactory evidence that the mistake was mutual, not unilateral, so that a counterclaim, alleging that the contract sued on by mistake failed to contain the entire agreement without any allegation that the mistake was mutual, was insufficient to support a judgment.

4. Reformation of Instruments—Facts Showing Mutual Mistake Should be Alleged.—To entitle a party to reformation of an instrument for mistake, it is necessary to allege facts showing how

the mistake was made, whose it was, and what brought it about, so that the mutuality of the mistake may appear.

LEE J. SANDMAN for appellant.

ROBERT LEE PAGE and DAVIS PAGE & DOWNING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellant auto company commenced this action in the Jefferson circuit court against the appellee supply company to recover $267.81, which it is alleged in the petition was the balance of a deposit of $480.00 made by it with appellee supply company to protect the latter against loss on account of shipment of supplies to the auto company under a written contract, of date February 4, 1918. Appellee company filed an answer and counterclaim by which it sought to recover of appellant auto company the sum of $3,042.00. A jury trial resulted in a verdict for appellee supply company on its counterclaim for the sum of $3,042.00. Complaining of this the auto company appeals.

As there is no bill of exceptions in the record the only question presented is whether the pleadings support the judgment. Miller's Appellate Practice, section 58; Broadway and Newport Bridge Co. v. Commonwealth, 173 Ky. 165; Salisbury v. Wellman Electrical Co., 173 Ky. 462. The petition stated a cause of action in favor of the auto company. The supply company filed answer and counterclaim, to which a general demurrer was interposed by plaintiff. The demurrer was sustained by the court with leave to amend. The answer and counterclaim, as amended, were likewise held to be insufficient upon demurrer. Later a part of the counterclaim was withdrawn and another filed which was held insufficient by the court. Later an amended, reformed and substituted answer, counterclaim and cross-petition was filed, to which a general demurrer was overruled. By this last mentioned pleading the appellee, then defendant, undertook to aver that the written contract attached to the petition and upon which appellant relied for recovery by mutual mistake omitted a material part of the contract whereby the auto company was to purchase outright at least ten traction units at the market price, plus freight, on or before September 1st of that year, or within the term of the contract; or that the written

contract attached to plaintiff's petition was a mere memorandum which did not purport to contain all the terms of the contract, and which could, under our rule, be explained and clarified by the introduction of oral testimony. Elliott on Contracts, section 1632. Whether one or both of these pleas were intended by the pleader, the averments of the said counterclaim are, we think, wholly insufficient for the purpose.

From a careful examination of the long printed contract attached to plaintiff's petition and which forms the basis of this action, we are convinced that it is a standard form, complete in every detail, adopted by the appellee for use by it among its retail dealers everywhere, and in no sense is a memorandum or outline agreement. At any rate it was prepared and offered by the appellee supply company to its retail dealers as a complete contract, and was so accepted and executed by appellant auto company. It is not such an obligation or undertaking as was under consideration in the case of Anderson and Hensley v. Stacey, 23 Ky. L. R. 1586; nor such as is treated of in Cyc., vol. 9, p. 715, of which it is said: "When a contract consists of an oral agreement, a part of which only has been reduced to writing, it is proper to declare on it as a parol contract," upon which appellee relies. We are also convinced that the writing under consideration does not come within the rule recognized in the case of Castleman and Blakemore v. Pickerell and Craig, 163 Ky. 750, upon which appellee leans for support, for there it was held that parol evidence could be introduced to explain a contract only where the contract was short and incomplete, the limitation of the rule being couched in these words: "It is restricted in its application to cases in which the writing only purports to interpose part of a contract, or is expressed in such short and incomplete terms as to render parol evidence necessary to explain what is *per se* unintelligible, and the proposed evidence is not inconsistent with the terms of the writing." The contract in the instant case, far from being short and incomplete, goes into long detail, appearing on its face to be a complete contract. The only remedy left appellee company, if the contract did not contain the complete agreement, was to seek a reformation thereof on the grounds of fraud or mistake. As appellee company's agent prepared the contract it could hardly plead fraud in its execution. It

was therefore relegated to mistake, committed either by the parties or by the draftsman of the instrument. Before one can have a reformation of a writing, such as this, upon the grounds of mistake, he must not only aver but prove by satisfactory evidence that the mistake was mutual, not unilateral. There is no averment in the counterclaim that the mistake was mutual, nor indeed any averments showing how or why the mistake was made, or who made the mistake, or that the appellant auto company, its agents or servants, knew anything of or concerning the mistake. "It is necessary," says 34 Cyc. 974, "to aver facts showing how the mistake was made, whose mistake it was, and what brought it about, so that the mutuality may appear. In all cases the mutual mistake or circumstances from which the same can be readily inferred should be alleged with precision and clearness." Fairbanks-Morse Co. v. Manning & Combs, 164 Ky. 478; Cecil v. Ky. Livestock, Insurance Co., 165 Ky. 211; Riddell, et al. v. Runnions, et al., 162 Ky. 750; Scott v. Spurr, 169 Ky. 575; Kreitz v. Gallenstein, 170 Ky. 16.

Evidence of a mistake in a writing is not competent unless mutual mistake is averred in the pleading. Riddell v. Runnion, *supra*.

Measured by these rules the counterclaim was wholly insufficient and the general demurrer interposed to it by appellant company should have been sustained by the trial court. Failing to do so the court committed prejudicial error for which the judgment must be reversed.

Judgment reversed for proceedings not inconsistent with this opinion.

Judgment reversed.