## McComas, et al. v. Jones.

(Decided April 20, 1926.)

### Appeal from Boyd Circuit Court.

1. Reformation of Instruments—Facts Showing Mutuality of Mistake Must be Averred in Proceedings to Reform Deed.—In proceedings to reform deed, facts showing how mistake was made and whose mistake it was, so that mutuality may appear, must be averred.

2. Reformation of Instruments—Evidence Held Not to Justify Reformation of Deed by Inserting Exception.—Evidence relied on to

show mutual mistake in failing to exempt note, part of purchase price, from lien retained by vendor in deed, held not of character and clearness justifying reformation of deed.

W. D. O'NEAL for appellants.

S. S. WILLIS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Jones, in November, 1921, owned a house and lot in Ashland, which he desired to sell at the price of $2,200.00, and to do so he placed it with real estate agents. They found appellant, McComas, and interested him in the property, he proposing to purchase it at the price of $2,200.00 provided the owner, appellee Jones, would accept a note held by McComas on W. G. Adkins, Jane Adkins and Finis Adkins, as a payment, and would accept a cash payment of $120.00, and the balance in monthly payments evidenced by notes of McComas secured by lien. After some negotiations Jones consented to do this and made a deed to McComas and McComas gave the Adkins note for $859.00 to Jones, and executed notes for the balance after paying $120.00 cash to Jones. Later McComas paid Jones all of the purchase price except the Adkins note which he had endorsed to Jones, and thereupon applied to Jones to release the lien in the deed, but Jones declined to do this, and afterwards released the lien to the extent of the payments made by McComas to him but refused to release the lien to the extent of the $859.00, the amount of the Adkins note. The principal in the Adkins note became insolvent and McComas refused to pay the note. Thereupon appellee, Jones, commenced this action in the Boyd circuit court against McComas and the Adkins, the makers of the note, to recover $859.00 with interest, and prayed that the house and lot be adjudged in lien to secure the payment of the Adkins note. The deed recited it was made in consideration of $2,200.00, of which $120.00 was cash in hand paid, "the receipt of which is hereby acknowledged, and one note for $859.00 executed by W. G. Adkins and Jane Adkins and due and payable 24 months from the 1st day of May, 1921, and the balance of $1,221.00 to be paid as follows: $500.00 on the 1st day of October, 1922, and the balance in monthly installments of $20.00 each, due and payable on the 1st day of each month from the date thereof until

the full amount of the consideration herein is fully paid, said installments to be paid subject to and in accordance with the rules, regulations and by-laws of the Ashland Loan & Building Association. A lien is hereby retained on the property hereby conveyed by the parties of the first part to *secure the payment of all the balance of the purchase money,* as above set out.''

McComas denied liability upon the Adkins note although he had endorsed it in the following words: ''I hereby sell, transfer and assign all my rights, title and interest to the within note to T. Howard Jones this the 1st day of July, 1921.'' He further pleaded that by mutual mistake of the parties the lien specified in the deed was made to read, '' to secure the payment of *all the balance* of the purchase money,'' whereas it should have been made to read, ''to secure the payment of all of the above purchase money except the Adkins note for $859.00,'' it being his contention that appellee, Jones, received the note as a cash payment on the land, without recourse on McComas or lien on the land. Jones filed reply denying the affirmative averments of the answer.

On the question of mistake in the preparation of the deed appellant, McComas, testified and called witnesses to prove that he told both the agents of Jones and Jones himself that he would purchase the lands described in the deed only on condition that Jones would accept the Adkins note of $859.00 as a payment on the land without recourse on McComas or lien on the lands, and would not otherwise purchase the land, and that Jones, the owner, consented to this. On the other hand, Jones testified that no such agreement or arrangement was entered into between him and McComas, but on the contrary he received and accepted the Adkins note from McComas in lieu of notes of McComas, but with the understanding and agreement that if it were not paid by the makers that McComas would pay the note, he being indorser thereon, and that the note should be secured by lien on the land conveyed. Walker, the attorney who prepared the deed, in part supports the evidence of Jones, and Jones introduced one or two other witnesses who gave evidence substantiating that given by him. There was a sharp conflict in the evidence. The witnesses were about equal in number, and their opportunities to know the facts, and the earnestness with which they stated their

understanding of what took place, were about equal. The chancellor who no doubt enjoyed a personal acquaintance with the parties and witnesses concluded that McComas had not supported the averments of his counterclaim by such clear and convincing evidence as would warrant the reformation of the deed and declined to reform the deed and dismissed McComas' counterclaim, and adjudged Jones entitled to recover on the Adkins note of $859.00, and to enforce his lien against the land. From that judgment this appeal is prosecuted by McComas.

Counsel for appellant, McComas, says in his brief that he is not unmindful of the rule that to reform a deed upon the ground of mutual mistake of the contracting parties, the evidence must be clear and satisfactory that the deed was not written according to the agreement and understanding of the parties, but he insists that the preponderance of the evidence supports his contention that the lien clause of the deed securing all of the purchase price was written there by mutual mistake of the parties when it should have provided for lien to secure only that part of the purchase price which was represented by the notes of McComas. It is said that a mutual mistake is one reciprocal to both parties; one where each party labored under the same misconception with respect to the terms of the written instrument; Coleman v. Illinois Life Insurance Co., 82 S. W. 16, 26 R. 900; and, further, that to authorize relief from a mutual mistake of a written contract or deed it must clearly appear that the mistake was material and mutual. Hill v. Pettit, 66 S. W. 190.

It is necessary to aver facts showing how the mistake was made, whose mistake it was and what brought it about, so that mutuality may appear. Commercial Auto Company v. Brandies Machinery & Supply Co., 198 Ky. 155. In a number of cases where mutual mistake was relied upon, we have said that relief can be had only where the mistake is established by the most satisfactory evidence, clear evidence that the alleged agreement or deed which is sought to be reformed, does not express the contract of the parties but, on the contrary, gives expression to an entirely different agreement or an agreement different in some material respect. In the case of the Electric Loose Leaf Floor v. Electric Planing Mill Company, 196 Ky. 816, we said: ''To do this the mistake must be clearly established by the proof, and in no case

will a court of equity decree an alteration or reformation in the terms of a duly executed contract unless the proof is full, clear and decisive. The mistake must not be involved in doubt; if it be so no reformation can be had." To the same effect is Federal Chemical Co. v. Pioneer Coal Company, 197 Ky. 110; Williams v. Harvey, 192 Ky. 684; Whitt v. Whitt, 145 Ky. 367; Ison v. Sanders, 163 Ky. 605.

The evidence relied upon in this case by appellant, McComas, to prove mutual mistake was not of the character and clearness justifying the reformation of the deed, and the chancellor did not err in denying the prayer of the counterclaim and in awarding appellee, Jones, the relief sought in his petition.

Judgment affirmed.