# Roberts v. Combs.

(Decided October 30, 1928.)

## Appeal from Breathitt Circuit Court.

1. Attorney and Client.—Where deed was prepared by grantor's attorney and executed and acknowledged by grantor and delivered and accepted and put on record, and grantee claimed ownership of the property, the act of the attorneys in negotiating the transaction were sufficiently ratified as to both parties.

2. Reformation of Instruments.—Grantor held not entitled to reformation of deed on ground of mistake of her attorney in providing for conveyance of the wrong property, where petition failed to allege that mistake was mutual or that grantee or his attorney intended that the description should be otherwise, or that they were guilty of fraud

3. Reformation of Instruments.—Reformation of deed will not be granted by court of equity on ground of mistake of the grantor alone.

4. Deeds—Prior instructions of grantor to her attorney as to land to be included in deed, executed as part of settlement, became merged in written instrument, precluding grantor's assertion of such prior instructions in reformation suit.

5. Reformation of Instruments.—Grantor who failed to read deed prepared by her attorney before signing it was estopped from denying knowledge of its provisions, in suit for reformation thereof, where there was no fraud on the part of the grantee.

H. L. SPENCER for appellant.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

By an equitable action filed July 13, 1925, Mrs. Cordelia Roberts sought the reformation of a deed executed by her to her son, J. Arlie Combs, on the 2d day of September, 1921. A demurrer was sustained to the petition, and upon her declining to plead further that pleading was dismissed. She appeals.

The allegations of the petition are confusing, as it blends the pleadings in several lawsuits without distinguishing one from another, and it is difficult to determine in which pleading certain allegations were made, but as construed by us it is substantially alleged that defendant's father (appellant's former husband) J. C. Combs, died in the year 1914, the owner of a house and lot in Jackson, a tract of land in Knott county known as

the Cooley farm, and about $1,480 on deposit in the bank, and that she owned in her own right a tract of land on Carr's Fork in Knott county. At the October term, 1919, of the Breathitt circuit court, Arlie Combs procured a judgment against her for the sum of $1,000, and the enforcement of a lien for that amount upon the house and lot in Jackson, and also requiring her to convey to him her dower interest in the Cooley farm. At the following term of court she filed a petition in equity seeking to have that judgment set aside. That petition apparently being copied in full in this action. It set out at great length Arlie Combs' contention in the former action, and her answer thereto, and alleged that by fraud of plaintiff's attorney she was induced to settle that suit before completing her proof. That pleading purports to have been filed in February, 1920. The present petition states that in February, 1920, at the same time she filed the foregoing petition to set aside the judgment that had been rendered against her in 1919, she also filed a suit to settle her husband's estate, and that while the two suits were pending she entered into a compromise agreement whereby the two above suits were dismissed, the specific allegation being:

"She says while said two suits were pending, she directed her attorney to compromise same provided the defendant would accept a deed to her dower interest in said J. C. Combs farm in Knott county, and a deed to the house and lot in Jackson hereinabove described, and allow her to occupy said house so long as she chose to use and control same for her own use and benefit; that she was afterward advised that said compromise could be made and had been agreed on, and in order to consummate said agreement, she, on September 2, 1921, executed and delivered to the defendant's attorney a deed of conveyance to the dower interest in said farm of J. C. Combs in Knott county, and to the lot hereinabove described with the reservation above set out. She says that she directed her attorney to prepare the deed conveying said property, and that she executed the deed and delivered the same to her attorney, with directions to deliver it in compromise to all matters in controversy between her and defendant as referred to in said suits. That she never at any time made any trade or settlement with the defendant personally nor had any communication or con-

tract with him; nor did she ever deliver said deed to him. That at the time she signed and acknowledged said deed she did not know that it described the tract of land on Carr's Fork in Knott county, Kentucky, which tract is her individual property and no way connected with the litigation between her and the defendant, and which tract was not intended to be conveyed, being the same tract of land conveyed to plaintiff by Sarah Johnson by deed dated July 22, 1901, and recorded in Knott county clerk's office in Deed Book 11, page 1. She says that by mistake on the part of her attorney in drawing said deed he included said land in same, when in fact it was embraced in the agreement of settlement and not intended to be included therein, that she relied on her attorney to draw said deed according to the terms of compromise as above set out, and when he presented the same to her to sign she did not read the deed, but relied on him to read same, and that he did not read the description of the tract of land she owned on Carr's Fork, as above described, that by mistake or oversight he omitted to and failed to read the description of said boundary; that she did not understand that the description embraced said land and that she signed said deed believing she was conveying to the defendant only her dower interest in the J. C. Combs tract and the lot in Jackson, and when she agreed for her attorneys to dismiss the two suits above referred to which she had brought against defendant, she did so with the belief and understanding that defendant's attorney had accepted the said deed to her said dower interest and said town lot in full settlement of the matters in litigation between plaintiff and defendant, and she thought and was advised at the time that was the legal effect of said deed.

"She says she is informed that the deed was by defendant's attorney delivered to the clerk of the Knott county court, and placed by him to record; that defendant is now claiming said property under said deed and has taken possession of the land and giving out that he is the owner thereof and collecting rents therefrom, and denying the plaintiff's right to or ownership of same and without her knowledge or consent moved on to said land and is holding possession of same and claiming same and denying that the plaintiff is the owner or has any interest."

.The final prayer in the present petition being to set aside the two suits and for a reformation of the deed to her son, so as to omit therefrom the tract of land lying on Carr's Fork.

In this court the appellant does not claim that the petition is sufficient to authorize a judgment setting aside the former judgments, but insists that it is sufficient to authorize a reformation of the deed, in accordance with the prayer above set out. In this behalf it is first urged that the minds of the contracting parties never met, because the negotiations were made altogether through attorneys. It must be observed, however, that while the negotiations were conducted by agents, the deed was prepared by appellant's attorney, executed and acknowledged by her, and has been delivered and accepted and put to record, and that appellee is claiming ownership of the property. Certainly this is a full ratification of the agent's acts by both parties.

It is next insisted that appellant never authorized her attorney to agree to a conveyance of the Carr's Fork land, and that it was included in the deed by mistake. It is not alleged, however, that this mistake was mutual or that appellee or his attorney intended otherwise than it should be so embraced, nor is it alleged that they were guilty of any fraud; and it is well settled that the reformation of a deed will not be granted by a court of equity on the ground of mistake of the grantor alone. Denney v. Crabtree, 194 Ky. 185, 238 S. W. 398; Commercial Auto Co. v. Brandeis, 198 Ky. 155, 248 S. W. 233; Scott v. Spurr, 169 Ky. 575, 184 S. W. 866. Nor can she avail herself of her prior instructions to her attorney, even though she may not have directed him to include this tract of land in the settlement as such prior instructions would merge in the writing. Likewise she cannot avoid the effect of the writing by saying she did not read it, as in the absence of fraud upon the part of the adverse party her failure to read the deed before signing it estops her from denying knowledge of its provisions. Hoffman v. Wilson, 208 Ky. 196, 270 S. W. 788; United Equipment Co. v. Bohon, 203 Ky. 527, 263 S. W. 27; Spotswood v. Lafayette, 207 Ky. 477, 269 S. W. 514; Brenard Mfg. Co. v. Jones, 207 Ky. 566, 269 S. W. 722; White v. Smith, 188 Ky. 407, 222 S. W. 81.

Wherefore, perceiving no error, the judgment is affirmed.