## PERRY v. CREECH COAL CO.

District Court, E. D. Kentucky.

July 6, 1944.

R. L. Pope, of Knoxville, Tenn., and R. S. Rose, of Harlan, Ky., for plaintiff.

James Sampson, of Harlan, Ky., for defendant.

FORD, District Judge.

Alleging that during the period set out in his petition, he was employed by the defendant in the production of goods for inter-state commerce, the plaintiff seeks to recover compensation for thirty hours overtime employment each week from January 16, 1940, to March 10, 1943, under § 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207, which requires that employees be compensated for time so employed during each work week in excess of the maximum provided by the Act, "at a rate not less than one and one-half times the regular rate." He also seeks liquidated damages and attorney's fees, as provided by § 16 of the Act, 29 U.S.C.A. § 216.

The case is submitted upon the defendant's motion to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The particular deficiency to which defendant points is failure of the petition to allege that, during the period involved, plaintiff's hourly rate of pay was below the minimum rate fixed by the Act. Since it appears from the petition that for over three years the plaintiff continued his work upon the terms stated in his pleading, defendant contends that under the rule that the pleading "must be construed most strongly against the pleader", the necessary inference is that plaintiff agreed to the rate of pay which the petition shows he received during the period involved, and such implied agreement appearing from the allegations of the petition, in the absence of an averment that his regular hourly rate of pay was below the minimum fixed by the Act, no right to relief is shown.

An employee who is subject to the provisions of the Fair Labor Standards Act is entitled to overtime compensation at the rate of one and one-half times the regular rate at which he was employed, notwithstanding the fact that under his employment agreement the regular hourly rate is in excess of the minimum rate fixed by the Act. Bumpus v. Continental Baking Company, 6 Cir., 124 F.2d 549, 140 A.L.R. 1258; Mid-Continent Pipe Line Company v. Hargrave, 10 Cir., 129 F.2d 655. In Overnight Motor Transp. Company v. Missel, 316 U.S. 572, 578, 62 S.Ct. 1216, 1220, 86 L.Ed. 1682, the Supreme Court said:

"We conclude that the act was designed to require payment for overtime at time and a half the regular pay, where that pay is above the minimum, as well as where the regular pay is at the minimum."

It was not necessary, therefore, for the plaintiff to allege that his regular hourly rate of pay was below the minimum fixed by the Act in order to state a claim for overtime compensation.

The contention, urged by the defendant, that the petition "must be construed most strongly against the plaintiff", makes this a timely occasion to emphasize the provision of Rule 8(f) of the Federal Rules of Civil Procedure that "All pleadings shall be so construed as to do substantial justice", and to call attention to the provisions of Rules 7 to 15, inclusive, which are intended to simplify and reduce pleading requirements to a minimum.

Provisions for pre-trial procedure, Rule 16, depositions and discovery, Rules 26–37, inclusive and summary judgment proceedings, Rule 56, are designed to supplement pleadings and thereby afford more expeditious methods for narrowing litigation

to the genuine issues which are material to the case, to the end that "the just, speedy and inexpensive determination of every action" may be secured.

Strict construction of pleadings, for which defendant contends, is not in harmony with these rules and no longer prevails in the Federal Courts.

In Kohler v. Jacobs, 138 F.2d 440, 441, the Circuit Court of Appeals of the Fifth Circuit said:

"On a motion to dismiss, demurrers having been abolished, and with them the rule of construing the pleadings strictly against the pleader, the allegations ought to be given a fair construction to come at the case intended to be stated, and unless it clearly appears that the facts do not authorize relief, or that relief is barred by some fact alleged, the matter ought to be further examined by summary judgment proceedings or by a trial."

In Cohen v. United States, 129 F.2d 733, 736, the Circuit Court of Appeals of the Eighth Circuit said:

"When a motion to dismiss is interposed the complaint must be construed in the light most favorable to the plaintiff, and it should not be dismissed if it is reasonably conceivable that at the trial the plaintiff might establish a cause of action."

In Tahir Erk v. Glenn L. Martin Company, 116 F.2d 865, 869, the same view was expressed by the Circuit Court of Appeals of the Fourth Circuit in these words:

"We are mindful that in weighing the validity of a motion to dismiss for insufficiency, the duty of the court is not to test the final merit of the claim in order to determine which party is to prevail. Our duty, rather, is to consider whether in the light most favorable to the plaintiff, and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim."

These authorities make it plain that under the Federal Rules of Civil Procedure a complaint should not be dismissed for insufficiency of statement unless it clearly appears "that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302, 306.

Under the petition in this case, evidence would be admissible to prove that plaintiff has not been compensated for his overtime employment at the rate of one and one-half times the regular hourly rate at which he was employed, and, hence, the motion to dismiss must be overruled.

An order will be entered in conformity herewith.