Thomas WATTS et al., Appellants,

v.

CARRS FORK COAL COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1955.

Napier & Napier, C. W. Napier, Sr., C. W. Napier, Jr., Hazard, for appellants.

Craft & Stanfill, Hazard, for appellee.

WADDILL, Commissioner.

The appellants, Thomas and Mary Watts, filed complaint against the appellee, Carrs Fork Coal Company, to recover damages in the sum of $3,500 for certain alleged acts of trespass committed upon their land by appellee. By amended complaint it was stated that the trespasses complained of were perpetrated arbitrarily, wantonly and maliciously. Appellee denied the averments of the complaint, and pleaded, in substance, that it had the right to enter upon appellants' land and to commit the acts complained of under the provisions of a mineral deed covering the lands of appellants.

Both appellants and appellee filed motions for summary judgment. In support thereof appellants filed their joint affidavit containing statements which, in effect, constituted an affirmation of the statements contained in their complaint. Thereafter, appellee filed the affidavit of its managing officer denying the statements contained in appellants' affidavit, and also filed a certified copy of the mineral deed under which

432

it claims to have a right superior to that of appellants to use the land in the exercise of the mining privileges granted to it under the provisions of the mineral deed.

The proceedings show that in 1914, James Stacy and his wife sold and conveyed to the Carrs Fork Land Company, the coal, mineral, mining rights and privileges under a tract of land containing approximately 351 acres located in Perry County. The terms of this conveyance were so far-reaching that the grantors' surface rights in the property could be subjected to the grantee's mining rights and privileges. However, the free use of the land for agricultural purposes was reserved to the grantor so far as such use was not inconsistent with the grant of the mining and mineral rights conveyed. A provision of the deed released the grantee from all claims of damage to the surface of the land which resulted from the mining or marketing of the coal or other minerals under the land.

By subsequent conveyances, these mining rights and privileges are now held by the appellee. During the year of 1948, the appellants acquired surface title to approximately 49 acres of the mineral estate in question.

The court sustained appellee's motion for summary judgment and entered judgment dismissing the action. The court was of the opinion that appellee was authorized to go upon appellants' land and commit the acts complained of under the provisions of its mineral deed.

Appellants contend that the court erred in entering summary judgment for appellee because the provisions of the mineral deed did not constitute a defense as a matter of law, and in failing to grant to appellants a trial by a jury of the factual issues.

The purpose of the summary judgment provided by Rule 56 of our Civil Rules is to expedite disposition of cases and to avoid unnecessary trial when no genuine issues of fact are raised. The procedure provided by this Rule may be utilized to perform the function of the general demurrer under former Kentucky Practice, although the Rule goes much further in that the court's consideration is not restricted to the allegations of the pleadings. It may be invoked in any case when the record shows that there is no real issue as to any material fact with respect to a particular claim or part thereof or defense thereto. See Clay, C.R. 56.01, author's comment.

We think the court erred in sustaining appellee's motion for summary judgment because the pleadings, appellants' joint affidavit and the counter-affidavit filed by appellee, raised genuine issues of material fact with respect to whether or not appellee has committed acts of trespass upon appellants' land by farming the land, and by abitrarily, wantonly, and maliciously demolishing houses and other structures thereon. Clay, C.R. 56.03, author's comment, (3). The statements contained in the affidavit filed by appellee were merely a denial of statements made in appellants' affidavit. Therefore, appellee not only failed to sustain the burden of establishing that there was no genuine issue as to any material fact, but its denial of appellants' statements concerning the trespass created a material factual issue. Clay, C.R. 56.03, author's comment, (4).

The views expressed make the other contentions of the parties uncontrolling.

Judgment reversed, for further proceedings not inconsistent with this opinion.