**John N. INGRAM et al., Appellants,**

v.

**Cyrus INGRAM, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1955.

Prince, Asher & Prince, Benton, for appellants.

Lovett & Lovett, Benton, for appellee.

CAMMACK, Judge.

This case is before us on a motion for an appeal from a judgment granting a partial summary judgment and an order of possession in favor of Cyrus Ingram, the plaintiff below, entered against John N. Ingram, his son, and Jeanett Ingram, his daughter-in-law, the defendants below. We are sustaining the motion for an appeal and reversing the judgment for reasons hereinafter stated.

Cyrus Ingram initiated this suit to set aside a deed in which he conveyed the property in question to John and Jeanett Ingram. He seeks to show undue influence, failure of consideration, and lack of mental capacity. John and Jeanett have been in continuous possession of the property since the date of the deed, October, 1951, and have made substantial improvements thereon. The deed contains a provision "that the grantors herein are to retain possession of the property during their lifetime," and a recitation that it was conveyed "for

\* \* \* the further consideration that the \* \* \* property is to remain in possession of the Grantors, and that they are to have full, and free use of same." In July, 1952, John and Jeanett mortgaged the property, the instrument including a recitation that it was "given subject to the life estate of Cyrus Ingram."

On this appeal it is contended that (1) a partial summary judgment awarding "at least a life estate" in the property to Cyrus was improper; (2) an order for immediate possession was erroneously granted to Cyrus; and (3) error was committed in overruling the motion to dismiss Cyrus' complaint.

■ There was no error in refusing to dismiss the complaint. A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the claimant is entitled to no relief under any state of facts which could be proved in support of the claim. Perry v. Creech Coal Co., D.C.Ky., 55 F.Supp. 998; Clay, CR, section 12.02(7); Moore's Federal Practice, 2nd Ed., section 12.08. See also Spencer v. Woods, Ky., 282 S.W.2d 851.

■ The "partial" summary judgment awarding "at least a life estate" to Cyrus was erroneous. A summary judgment should be granted only when no genuine issues of material fact exist, and a party is entitled to judgment on the law applicable to the facts as established. Watts v. Carrs Fork Coal Co., Ky., 275 S.W.2d 431; Moore's Federal Practice, 2nd Ed., section 56.02(10); Clay, CR, section 56.01(1). Cyrus points to the provisions in the deed which reserve an interest in the property for his lifetime, and to the recitation in the mortgage that it was subject to a life estate in Cyrus, and contends that these preclude any dispute concerning his ownership of at least a life estate. However, we cannot overlook the appellants' contention that the provisions in the deed were not intended to reserve a life estate in Cyrus. The pleadings set up the defense of mutual mistake which the appellants intended to prove at trial by parol evidence. We have said frequently that parol evidence is admissible to vary the terms of a written deed, under an allegation of mutual mistake. Harvey v. Moran's Adm'r, Ky., 245 S.W.2d 452; Garrison v. Hansford, 254 Ky. 768, 72 S.W.2d 468; Riddle v. Runnions, 162 Ky. 750, 172 S.W. 1041; Helton v. Asher, 135 Ky. 751, 123 S.W. 285. Hence, this evidence would be admissible on the trial and the defense is not precluded as a matter of law. Similarly, the appellants are not estopped by their reference in the mortgage to Cyrus' life estate. While they might be estopped against the mortgagee, the statement does not constitute estoppel as against Cyrus.

■ Under the circumstances, we conclude that whether the provisions in the deed reserved a life estate in Cyrus is a genuine issue of material fact. It was improper, therefore, to grant a summary judgment on that claim.

■■ It follows that the order giving immediate possession of the property to Cyrus was erroneous also. Since the issue of his life estate is to be tried, Cyrus must base his claim to immediate possession upon either of two grounds. The first is that he argues the deed to John and Jeanett is void. Under this contention he is not entitled to immediate possession, but must await the outcome of the trial on that issue. The second is that the deed reserves to him a life estate, and since the burden is on the appellants to prove mutual mistake, he (Cyrus) should be entitled to possession until the issue is decided. While, on its face, it appears that the latter is a sound contention based upon legal title valid at this time, it will be recalled that this is the same title which he argues is totally void. Even though our new rules permit inconsistent and alternative pleadings, they only relate to procedural rights. Here, Cyrus is seeking a substantive right to possession, and he does so by pleading a title which he simultaneously asks the court to find void. Under the circumstances, possession should remain in John and Jeanett until the outcome of the trial.

Judgment reversed, for proceedings consistent with this opinion.