Albert B. RIEDLING, Appellant,

v.

DEARBORN MOTORS CREDIT CORPO-
RATION, Appellee.

Court of Appeals of Kentucky.

May 9, 1958.

Lee S. Jones, Louisville, for appellant.

Mapother & Morgan, Louisville, for appellee.

WADDILL, Commissioner.

The Dearborn Motors Credit Corporation sued Albert B. Riedling and his wife to recover certain farm equipment, or its value, under a conditional sales contract. The Riedlings' answer and counterclaim asserted that the contract was fraudulently obtained and sought damages in the sum of $5,108.50. The appeal questions the correctness of the summary judgment entered in favor of the plaintiff pursuant to CR 56.

The Riedlings purchased certain items of farm equipment from W. E. Jenner under a conditional sales contract. Jenner assigned the contract to the Dearborn Motors Credit Corporation. When the Riedlings failed to pay the installments due under the contract, Dearborn filed this action.

The Riedlings admit they executed the contract and that they were in default of its expressed terms. However, they claim that Jenner acted as Dearborn's agent in the transaction, and that Jenner perpetrated a fraud upon them by misrepresenting the terms of the contract, and that Jenner has unlawfully taken certain items of their farm equipment.

In support of its motion for summary judgment, Dearborn filed the affidavit and the deposition of Mark F. Stuntebeck, its credit manager. Stuntebeck stated that Jenner was not an agent of Dearborn; that Dearborn bought the contract from Jenner in the regular course of its business; and that Dearborn had not unlawfully taken any of the property owned by the Riedlings, but only seeks to enforce the terms of the contract. Dearborn also filed the conditional sales contract and the bill of sale signed by the Riedlings, and both instruments contradict the Riedlings' claim that Jenner perpetrated a fraud upon them in connection with the sale of the equipment.

Since the uncontroverted deposition, affidavit, and exhibits filed by Dear-

born show that a genuine issue of fact does not exist in the case, Dearborn was entitled to a judgment as a matter of law. CR 56. See, Clay Cr. 56, Author's Comment, Sections 3 and 4, pp. 502, 503; Continental Casualty Co. v. Belknap Hardware & Manufacturing Co., Ky., 281 S.W.2d 914; Watts v. Carrs Fork Coal Co., Ky., 275 S.W.2d 431.

Judgment affirmed.