W. C. SETZER, Appellant,

v.

E. B. WHITEHURST, DBA The Whitehurst Company, Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1960.

**456**

Elwood Rosenbaum, Lexington, for appellant.

P. H. Vincent, Ashland, L. H. Nicholls, Greenup, for appellee.

WILLIAMS, Judge.

The Chesapeake & Ohio Railway Company contracted with Butler Manufacturing Company to construct a reclamation building on its property in Greenup County, Kentucky. Butler Manufacturing Company subcontracted the erection of the building to appellant, W. C. Setzer, and Setzer in turn subcontracted the construction work to various individuals, among whom was appellee E. B. Whitehurst, who had the contract for erecting sheet metal, cement board, insulation, gutters and downspouts. During the course of the construction appellee wrote to appellant advising that it was impossible for him to complete the job on a contract basis, and stating that the only way he could do so would be on a cost plus basis. Although appellant did not answer that letter, appellee completed the job, was paid on his original contract and then billed appellant for alleged extra services performed. Appellant refused to make payment on the demand and action was filed against him by appellee in the Greenup Circuit Court. A jury returned a verdict allowing appellee the full amount demanded in his complaint. This appeal results.

Appellant questions venue of the Greenup Circuit Court. KRS 452.475 provides " * * * an action against a contractor who undertakes to construct, in whole or in part, any * * * railway, * * *, for labor done, or materials or supplies furnished, for the construction or promotion of said work, may be brought in the county wherein the labor, or most of it, is done, or wherein the materials, or supplies, or most thereof, are furnished; * * *." Appellee asserts that he was not a contractor as the term is used in the above-noted statute, nor was his contract to construct the reclamation building a contract to construct a part of a railway. The term "contractor" as used in the statute certainly is not intended to include only the prime contractor. A contractor is a person who, in the pursuit of any independent business, undertakes to do a specific piece of work for other persons, using his own means and methods without submitting himself to their control in respect to all its details. He renders service in the course of an independent occupation representing the will of his employer only as to the result of his work and not as to the means by which it is accomplished. Lexington & E. R. Co. v. White, 182 Ky. 267, 206 S.W. 467; Covington Co. v. Masonic Temple Co., 176 Ky. 729, 197 S.W. 420, L.R.A.1918A, 436; Kentucky Cottage Industries v. Glenn, D.C.Ky. 1941, 39 F.Supp. 642. Appellant did not contract directly with the Chesapeake & Ohio Railway Company, but he did contract with Butler Manufacturing Company and then subcontracted with appellee. By his own testimony he admits he is a contractor. The statute cannot be construed so strictly as to deny that he was in fact a contractor. Similarly, the term "railway" includes many kinds of property both real and personal, and cannot, with any degree of propriety, be confined to the track or the land simply

necessary to lay the track upon. United States v. Denver & R. G. R. Co., 1893, 150 U.S. 1, 14 S.Ct. 11, 37 L.Ed. 975; Township of Rock Creek v. Strong, 1877, 96 U.S. 271, 24 L.Ed. 815. Applying this reasoning to the statute, it is apparent that venue was properly laid in Greenup County where the work was performed.

The contract between appellant and appellee is set out in its entirety in a letter written by appellee to appellant and in appellant's reply thereto. They are as follows:

"1729–33 Greenup Ave.
"Box 505
"Ashland, Kentucky
"August 22, 1956
"Mr. W. C. Setzer
"Tates Creek Road
"Lexington, Kentucky

"Re: C. & O. Railway Company Reclamation Building, Raceland, Ky.

"Dear Sir:

"We will furnish necessary labor and scaffolding to install sheet metal, insulation and cement board, and ventilator according to plans and specifications, and furnish and install necessary gutter and downspouts for the sum of $10,985.00. We are in position to start this work when notified. Thanking you for the privilege of submitting this proposition, we remain,
"Very truly yours,
"The Whitehurst Company
"E. B. Whitehurst, Owner."

"September 27, 1956
"The Whitehurst Company
"1729–33 Greenup Ave.
"Ashland, Kentucky
"Attention: Mr. E. B. Whitehurst

"Dear Mr. Whitehurst:

"With reference to your letter of September 24, you are referred to Paragraph 1 of your letter of August 22 as corrected by Miss Costello in your office. This is your authorization to proceed with the work according to plans and specifications and to the satisfaction of the C. & O. inspector.
"Cordially yours,
"/s/ Wendell C. Setzer"

It will be noted that appellee agreed to perform the work according to plans and specifications, and that appellant authorized commencement of the work according to plans and specifications and "to the satisfaction of the C. & O. inspector." The circuit court instructed the jury that the two letters constituted the contract between these parties, and that if they believed any work was done or materials furnished in addition to the work and materials required under the contract, then appellee should be compensated therefor.

Appellee claims that appellant agreed to pay for certain items of work which, he alleges, were in addition to the work set out by the contract. Appellant denies he agreed to pay for any additional work, and alleges that all work performed was required by the contract and included in the plans and specifications, or was required by the C. & O. inspector. The verdict of the jury is founded on the belief that all of the questioned work done and materials furnished were extras, and that the appellant agreed to compensate appellee for any additional work done. There was sufficient evidence before the jury to justify the conclusion that such contract was made. However, work and materials which were called for by the plans and specifications cannot be classified as "extras." Where the work and the materials are covered by the terms of the contract the contractor will not be allowed compensation for performing that which he was already obligated to perform under the contract. Ingram v. State Property and Buildings Commission, Ky., 309 S.W.2d 169; Cassinelli v. Stacy, 238 Ky. 827, 38 S.W.2d 980; 17 C.J.S. Contracts §§ 364 and 367. To the same effect, the work and materials contracted for may not

be expanded by a provision in the contract which merely provides that the work shall be done in a manner satisfactory to an inspector. Jackson Lumber & Supply Co. v. Deaton, 209 Ky. 239, 272 S.W. 717; 17 C.J.S. Contracts § 496b (2). Appellant argues that the contract required appellee to furnish work and materials not only according to the plans and specifications but also according to any directions which the C. & O. inspector stipulated. We do not read the contract that loosely. Its true effect was to authorize the C. & O. inspector to require the work to be done in a satisfactory workmanlike manner. However, it does not permit him to require any change in plans and specifications or any additional work or labor not called for by the plans and specifications. 17 C.J.S. Contracts § 371.

Appellee testified that he did not see the specifications. However, they were introduced and made a part of the evidence and it was shown that they were available for appellee's inspection during the period of time the work was in progress. He cannot now be heard to say that he did not know the work and materials which he had performed and furnished were required by specifications, and, consequently, be entitled to payment therefor. Helm v. Speith, 298 Ky. 225, 182 S.W.2d 635; United Equipment Co. v. D. T. Bohon Co., 203 Ky. 527, 263 S.W. 27; 9 Am.Jur., Building & Construction Contracts, section 11.

The plans and specifications introduced during the course of the trial conclusively show that several items claimed by appellee to have been additional requirements were in fact called for by the plans and specifications. On the other hand, certain of the items, according to the testimony taken at the trial, were not included in the plans and specifications but were projects appellee was required to perform either because the C. & O. inspector insisted that they be done, or because certain materials were furnished to appellee which were either defective or the wrong size, or be-

cause certain work was performed to protect a portion of the building which appellee had no control over or contract for. The circuit court should have excluded all items which were required to be performed under the plans and specifications and should have submitted the remaining items to the jury.

We find that the following items, which were identified by invoice number and amount, were not provided for in the plans and specifications and were properly submitted to the jury.

| "No. 65 | $1373.78 |
| No. 68 | 307.29 |
| No. 69 | 89.20 |
| No. 71 | 659.99 |
| No. 261 | 82.50" |

Judgment is reversed and the cause is remanded with directions that the court enter a new judgment including only the above-listed items.