**W. R. CARDWELL et al., Appellants,**

**v.**

**NASHVILLE COAL, INC., Appellee.**

Court of Appeals of Kentucky.

Nov. 25, 1964.

Laurence T. Gordon, Madisonville, for appellants.

James F. Gordon, Gordon & Gordon, Madisonville, for appellee.

WILLIAMS, Judge.

In 1951, the appellants, Mr. and Mrs. Cardwell, gave a lease to the predecessor in title of appellee, Nashville Coal, Inc., granting the right to mine coal underlying a 10-acre tract of land owned by the Cardwells. The coal was mined in 1953, and a building on the land was damaged by subsidence in 1959. In a suit to recover for damage to the building each side filed a motion for summary judgment. The Hopkins Circuit Court sustained the appellee's motion and dismissed the complaint. This appeal results.

The pertinent paragraphs of the lease under consideration are:

"2. The Lessee hereby is granted the right to take, mine, remove and market

the No. 11 coal hereinabove demised, but in recovering said coal the Lessee shall leave unmined a block of coal under each of the buildings now located on the above described property, and any other buildings that may be constructed thereon before the coal is extracted."

"4. The Lessors hereby do waive any damage to the surface of the described premises resulting from subsidence thereof caused by the removal of the demised coal, and hereby do release the Lessee therefrom. In the event Lessee fails to leave blocks of coal under buildings as provided in 2 above, and said buildings are damaged by subsidence resulting from removal of coal, the Lessee shall be liable for such damage."

The appellants contend it was the duty of the appellee to leave a sufficient block of coal under the land where their residence was located to protect the building from subsidence and, since there was a subsidence to the land and damage to the residence, the appellee is responsible.

The appellee contends that, having left a block of coal under the building, it is not liable for damage caused by subsidence in the absence of a showing of malicious, wanton, or arbitrary exercise of its mining rights.

The trial court found that the provisions of the lease are plain and unambiguous; that a solid mass of coal left unmined under the building satisfied the lease conditions; that the lease could have been written to require that a sufficient amount of coal be left unmined to assure no damage to a building on the property; and that the solid mass of coal left unmined under the building extended many feet beyond in all directions.

■ As heretofore stated, the case was decided on summary judgment. Summary

judgment will not lie if a genuine issue of material fact exists. Ingram v. Ingram, Ky., 283 S.W.2d 210. Although it is not patent on the face of the lease, and although the trial court found no ambiguity, nevertheless we are of the opinion that the lease provisions are in fact ambiguous.

■ The appellee admits that a block of coal as big as a "thumbnail" does not constitute compliance with the intent and purpose of the lease, but contends that a block of coal larger than the building does constitute compliance. On the other hand, the appellants contend that the block of coal which was left unmined must have been of sufficient size to guarantee that the building would not be damaged from subsidence in order to comply with the intent and purpose of the lease. In the trial court's order it was pointed out that the block of coal left unmined extended many feet beyond the building in all directions. It is apparent the size of the block of coal left unmined was considered an important factor.

It seems clear to us that the size of the block of coal left unmined is the controlling fact which governs the interpretation of the lease. Since the lease does not specify the size, it necessarily means that size which is customarily deemed sufficient in prudent mining operations. Whether the block left was of sufficient size to meet that test is a question of fact which should be resolved by a jury.

Since a genuine issue of material fact remains undecided, summary judgment should not have been granted. The lease is ambiguous; thus oral evidence should be admitted to prove its intent and purpose. Blevins v. Riedling, 289 Ky. 335, 158 S.W.2d 646.

The judgment is reversed for proceedings consistent with this opinion.