JUDGE STITES
delivered the opinion oe the court:
In December, 1856, Marshall, as principal, and Ashbrook, as his surety, being indebted in bank to the amount of $350, applied to Scales to borrow the money for its payment — Ash-brook representing that they wanted it for that purpose. Scales let them have the money, and took their joint and several note, at ninety days, for its payment.
In February following, and about thirty days before the not* matured, Scales — being in need of funds — applied to Marshall and Ashbrook to take up the note, and let him have a bill at *360 ninety days for the same sum, so that he might thereby obtain the money.
To this they assented, and a bill was prepared for the amount — they paying him the difference in exchange and interest between the note and bill.
The bill was prepared by Scales, but by mistake, as he says, he became drawer — Ashbrook was made payee and indorser, and Marshall drawee and acceptor — whereby, instead of Ash-brook being liable to Scales, the latter became liable to Ash-brook on the bill.
The paper thus made was discounted, and at maturity was protested for non-payment, and Marshall being insolvent, Scales had to take it up.
This suit was brought by Scales to recover from Ashbrook the amount of the bill, upon the ground of mistake and ignorance in making the bill, in consequence of which Ashbrook was discharged from liability.
The original and amended petitions, and another amendment which was offered, but rejected by the circuit court, disclosed substantially the foregoing facts; and allege, in terms, “ that the bill was filled in the manner stated through inadver-tance and mistake; that he (Scales) was entirely ignorant of the order in which parties to a bill stood liable, and that he ignorantly placed his own name as drawer instead of that of Ashbrook, and thereby released him, &c.”
It is also alleged that “ it was the understanding and agreement among all parlies that Ashbrook should continue bound to him (Scales) at the time said bill was executed; that he never intended to release Ashbrook from his suretyship; that Marshall was then, .and remains, insolvent, which was known to Ashbrook; and that no consideration good or valuable was ever received by him for releasing Ashbrook from his liability.”
The circuit court held that Ashbrook was not liable upon these allegations; sustained a demurrer to the original and amended petition, and refused to permit the last amendment tp be filed; to all of which Scales excepted. And a judgment having been rendered against him for costs, he has appealed.
. Whether the facts stated in the petition and several amend *361 ments show a cause of action, equitable or legal, is the inquiry to be considered.
How far courts of equity go to relieve in matters of mistake, is a question about which a diversity of opinion exists, and which has given rise, perhaps, to as much discussion as any one branch of equity jurisdiction. A great variety of eases, in which relief has been granted, may be found in the books; but they differ as much with regard to the extent of the power as in the facts to which it was applied.
Both the American and English cases agree, however, that relief should be granted wherever an instrument is drawn and executed which is intended to carry into execution an agreement previously entered into, but which, by mistake of the draftsman, either as to law or fact, does not fulfill that intention, or violates it. In such case equity will correct the mistake so as to produce a conformity to the agreement of the parties; and will compel the party refusing, to comply with the agreement according to its terms. (Inskoe vs. Proctor, 6 Mon., 311; Hunt vs. Rousmaniere, 1st Peters, 13 ; Story’s Equity, section 115.)
The reason of the rule is apparent. The specific execution of agreements is peculiarly within the province of the chancellor. And if an instrument which is intended to execute an agreement be, from any cause, insufficient for that purpose, the agreement is as much unexecuted as if a party thereto had refused to comply with his undertaking. The intervention of a court of equity, in order to compel the delinquent party to perform his agreement according to its terms and the intention of the parties, is as necessary in the one case as the other, and in both equally within its acknowledged jurisdiction.
The case now before us is, we think, fully within the operation of the rule just stated.
The petition and amendments show that Marshall and Ash-brook borrowed the money of Scales to pay a debt for which both were liable, and executed to him their joint and several note for its payment — •that, being thus bound to Scales, they agreed with him to take up their note and give him a bill of exchange in payment, on which Ashbrook was to remain bound *362 to Scales as he had been; and that, by the mistake and ignorance of Scales as to the order in -which parties to such paper were liable, he was made drawer, and Ashbrook payee and indorser — thereby making himself liable on the bill to Ash-brook, instead of holding the latter responsible to him — thus showing that the bill of exchange, which was the instrument intended to effectuate the previous agreement of the parties, in fact defeated the agreement by releasing Ashbrook and holding Scales liable to him as drawer of a bill, when the attitude of the parties, by the agreement, should have been exactly the reverse.
In reply to the ingenious and plausible argument seeking to shelter Ashbrook from liability on the score of his being merely a surety, it may be said that the agreement sought to be specifically enforced in this case is alleged to have been between Scales and Ashbrook and Marshall. It is not the case of an agreement between the creditor and the principal, of -which the surety may avail himself; nor does the principle applicable to such cases affect this. The agreement -was with Ashbrook as well as with Marshall. They both owed the bank; Scales’ money went to their joint benefit, and they executed their joint note for its payment. Both agreed to remain bound on the bill as they had been on the note; but Ashbrook refuses to comply with his agreement because of the mistake.
It seems to us that the facts set out in the petition and amendments were sufficient, if true, to entitle Scales to relief, and that the circuit court erred, both in sustaining the demurrer and in refusing to allow the amendment to be filed.
Wherefore, the judgment is reversed, and cause remanded with directions to overrule the demurrer to the amended petition, and to permit the additional amendment, which was offered, to be filed.