## Scott v. Spurr.

(Decided April 21, 1916.)

### Appeal from Fayette Circuit Court.

1. Reformation of Instruments—Proceedings and Relief.—The proof must be clear, convincing and satisfactory before a court is authorized to reform a written instrument because of fraud or mistake.
2. Reformation of Instruments—Proceedings and Relief.—As to whether the proof necessary to justify a court in reforming a written memorial of a contract is satisfactory, depends upon the character of the testimony, the coherency of the whole case, the documents, and all the circumstances proven.
3. Reformation of Instruments—Parol Evidence.—If, by reason of fraud or mistake, the written memorial does not conform to the real contract of the parties, a court of equity can reform the writing upon satisfactory parol evidence.
4. Reformation of Instruments—Grounds for—Mistake.—The grounds of reformation of a written memorial of a contract may be a mutual mistake, or a mistake upon one side and fraud or inequitable conduct upon the other.

W. C. G. HOBBS for appellant.

S. S. YANTIS for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

This is an action in equity instituted in the Fayette circuit court by appellee, Ruth W. Spurr, against the appellant D. C. Scott, for the purpose of reforming the written evidence of a contract, which had been entered into by them, by which appellee had rented to appellant a farm of about 260 acres of land, which was situated in Fayette county, for a term which began March 1st, 1914, and ended March 1st, 1915. The contract was made and the writing signed by the appellee on the 1st day of August, 1913, the appellee claiming that it was agreed upon between them to the effect, that the farm should be cultivated and used by the appellant as follows: Twenty acres to be cultivated in oats; fifty-five acres, which had been cultivated in corn, to be cultivated by the appellant in wheat; and twenty acres to be cultivated in cow peas and millet, and that the remaining portion of the farm should be used for grazing purposes alone, and that these stipulations, as to the manner of its cultivation, were omitted from the writing, which was entered

into, by oversight and mistake, and asked that the writing be reformed and these stipulations be embraced in it. The appellant interposed a general demurrer to the petition, which being overruled, he answered. The answer was simply a traverse of the averments of the petition, and with the further averment, that the writing embraced the contract entered into, and that it provided that the farm was leased for general farming purposes and that he had so used the farm. The affirmative averments of the answer were controverted by reply.

The depositions of a number of witnesses were taken, and upon submission of the case, the court adjudged that the appellee was entitled to the relief sought, and that the writing, which evidenced the contract, should be reformed as prayed for, and from this judgment the appellant has appealed to this court.

The evidence showed that appellee was an aged lady, and resided several miles from the leased farm, adjoining to which the appellant resided. The contract between appellant and appellee was not negotiated by appellee in person, but in the transaction she was represented by her son, who had authority to make the contract for her as her agent. The terms of the contract were agreed upon between appellant and the son of appellee, late in the afternoon of August 1st, 1913. One of the terms of the lease was that appellant should pay for the use of the farm during the period of the lease the sum of $1,000.00, one half of which should be paid upon the day of the making of the contract and the remainder at the end of the period of the lease. The son of appellee was a candidate at an election, which was to be held on the following day, and had an appointment to meet a number of his friends on that evening. The appellant proceeded from the place of making the contract to secure the money with which to make the cash payment, and before returning, secured the services of a lawyer and caused him to reduce a part of the terms of the contract to writing. The writing embraced all the terms of the contract, except the stipulations in regard to the quantity of the lands which were to be cultivated, and the character of the crops to be grown. At the place in the written lease, in which the omitted stipulations should have been inserted, there were several lines left blank. When appellant returned to the room of appellee's son with the money to be paid, he requested him to subscribe the appellee's name to the

writing, which the son did after a partial examination of the paper, and being hurried to meet his friends who were managing his candidacy for him, he subscribed appellee's name, received the money, and delivered the writing back to appellant, who promised to send him a copy of it, but never did so. The appellee did not learn that the contract was attempted to be put into writing until in the month of July of the following year. When she learned that the contract between appellant and her son had been put into writing, she endeavored to see the writing or to secure a copy of it, but failed to do so until the 22d day of September, 1914. After taking possession of the farm appellant proceeded to put into cultivation in wheat and oats the portion of it which, according to the appellee, he was to cultivate under his contract, and also, put into cultivation eight or ten acres of it in tobacco, and ninety to one hundred acres in corn, and some other portion of it in other crops. The evidence conduces to show that the farm, when cultivated, as appellant cultivated it, the reasonable rental of it should have been about $2,000.00, instead of $1,000.00. According to the terms of the lease, as written, the appellant could use any or all of the farm for general farming purposes, and was at liberty to cultivate any part or all of it in any kind of crops which he desired.

The appellant insists that the court below was in error, when it adjudged that the terms of the contract, which provided that appellant should cultivate fifty-five acres of the farm in wheat, twenty acres in oats, and twenty acres in peas and millet, and the remainder of the farm was to be used only for grazing purposes, constituted a part of the agreement and were omitted from the writing signed by the agent of appellee by oversight and mistake, and insists that the evidence did not justify the court in arriving at such a conclusion.

The rule in such cases which requires that the evidence, before justifying a reformation of a written memorial of a contract, because something has been omitted or something inserted in it by mistake, must be clear, convincing and satisfactory, is a well established doctrine in equity. Crabtree v. Sisk, 30 R. 572; French v. Asher Lumber Co., 41 S. W. 261; McMee v. Henry, 163 Ky. 732. As to whether the evidence is such as the above rule demands before relief is granted, depends upon the char-

acter of the testimony, the coherency of the entire case, the documents, circumstances and facts which are proven. Without undertaking to set out the evidence which was before the chancellor below, but considering the character of the.testimony, and all the facts and circumstances proven, we conclude that the chancellor did not err in the conclusion at which he arrived, as to what were the actual facts of the case.

The appellant seriously insists that parol evidence can not be admitted to explain, add to or vary the terms of a written instrument, and therefore, that all of the evidence heard by the court below was inadmissible. That parol evidence is not admissible to vary or contradict the express terms of a written instrument, in the absence of a plea of fraud or mistake, there is no doubt, but such evidence has always been held to be admissible to impeach a written instrument, where its execution has been procured by fraud or by mistake. Really, there is no other way of proving a mistake in a written instrument, except by parol evidence. The parol evidence is not admitted to contradict the face of the instrument, but to prove that there is a mistake in it.

The contention that a court of equity has not power to reform a written instrument, so as to make it conform to the real terms of the contract between the parties, is likewise untenable. It is elementary that a court has no authority to make a contract for parties, but can only enforce such contracts as they have themselves made. The written instrument is, however, not the contract between the parties, but it is simply the memorial and convenient evidence of it. The contract is the terms and stipulations which have been agreed upon, and if the writing does not contain all the. terms and stipulations, or if stipulations are embraced in it, to which the parties have not agreed, the writing does not contain the contract. It would be manifestly unjust and inequitable to enforce the terms of a writing to which a party has never agreed, and to which his signature has been secured by a mistake. When a court of equity reforms a written instrument it merely puts into it the real contract, which the parties have made theretofore and which was attempted to be included in it when it was executed, but there was a failure to do so because of fraud or mistake.

It has become a doctrine too well established to be now called in question, that when, by mistake or fraud, the written memorial does not conform to the real contract of the parties, a court of equity can reform the written memorial upon satisfactory parol evidence, and then may enforce a specific performance of it, if desired, according to the real terms of the real contract existing between the parties. McMee v. Henry, 163 Ky. 732; Bronston's Admr. v. Bronston's Heirs, 141 Ky. 640; Worley v. Tuggle, 4 Bush 168; Logan v. Lamgan, 145 Ky. 601; Gregory v. Copeland, 32 R. 1153; Merchants & Farmers Bank v. Clelland, 77 S. W. 176; Mercer v. Hickman Ebert Co., 105 S. W. 441; Mattingly v. Speak, 4 Bush 310; May v. May, 29 R. 1033; Pickett v. Taylor, 29 R. 1219; Scales v. Ashbrook, 1 Met. 358; Athey v. Henry, 6 B. M. 59; Thomas v. McCormack, 9 Dana 108; Anderson v. Bacon, 1 A. K. M. 48; Dean v. Hall, 105 S. W. 98; Thomas v. Conrad, 114 Ky. 841; Ky. Citizens Bldg. Association v. Lawrence, 106 Ky. 88; Inskoe v. Proctor, 6 T. B. M. 311; Nutall v. Nutall, 82 S. W. 377; Wood v. Porter, 4 R. 361.

A mistake which is mutual is not the only mistake which will authorize the reformation of a written instrument, as is insisted for appellant. Where a written instrument does not embrace terms of the contract, which are omitted from the instrument by the mistake of one of the parties only, and the other party is free from fraud or inequitable conduct, the instrument can not be reformed so as to omit or embrace other terms, because to do so would be to make a contract for the parties which they have never made, but a written instrument may be reformed where the grounds for it is a mistake upon one side and fraud or inequitable conduct upon the other side by which there has been omitted from the instrument a stipulation which the parties have agreed to and intended to be embraced in the instrument, or where a stipulation not agreed to by the parties has been inserted in the instrument. The reformation can be made so that the instrument may embrace the actual contract, made between the parties. If one party is laboring under a mistake and the other party knows of such mistake, at the time and conceals it, this conduct of the latter party is unconscionable, and equity will give relief, or if the failure to correct a written instrument would be to allow a fraud to be perpetrated upon the other party, equity will grant the relief.

Criticism is made of the petition, in the case at bar, and while the averments in regard to the mistake upon one side and inequitable conduct upon the other, which are relied upon for the reformation of the instrument and which are necessary to state a good cause of action, are not aptly stated, but considering all the averments of the petition when taken together, it appears to be sufficient to support the action.

The judgment is affirmed.