### Rice v. Hord.
(Decided Jan. 23, 1934.)

470

O. B. BERTRAM for appellant.
RALPH T. GARNETT for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

At the November election, 1933, B. A. Rice and R. L. Hord were competing candidates for the office of police judge of the city of Campbellsville, Taylor county, Ky. Neither candidate was the nominee of any political party and were running on Independent tickets pursuant to their respective petitions filed as required by law. According to the respective petitions of the candidates filed in the clerk's office, the petition of the contestant, B. A. Rice, directed that his name appear on the ballot under the device of a circle designated "Independent Ticket," and the petition of R. L. Hord, contestee, appear under the emblem of a horseshoe designated as the "Citizen's Ticket." There also was another petition filed with the clerk directing that he cause to be placed upon the official ballot for said election the name of Sam Hackley for the office of mayor of Campbellsville, and six other named candidates for the office of city councilmen. The horseshoe was also selected as an emblem of the latter ticket designated as "Citizen's Progressive Ticket." For some reason unexplained in the record, contestee Hord's name was placed at the end of the ticket for mayor and councilmen under the horseshoe designated as "Citizen's Progressive Ticket," instead of being placed in a column to itself under the emblem of a horseshoe designated "Citizen's Ticket" as directed by his petition filed with the county clerk authorizing his name to be placed upon the ballot. As a consequence all the votes cast in the circle under the emblem of the horseshoe designated as "Citizen's Progressive Ticket" for the candidates for mayor and councilmen, were also counted for Hord, his name appearing under the same device and in the same column. Hord received the majority of the votes cast for the office of police judge and was awarded the certificate of election accordingly. Rice, the contestant, instituted this suit alleging as grounds of contest that the name of Hord, contestee, should have been placed under the de-

vice of a horseshoe designated the "Citizen's Ticket" according to the petition filed by him for the purpose of having his name placed on the ballot, but that his name appeared on the ballot under the device of the horseshoe designated "Citizen's Progressive Ticket" and in the same column with the candidates for mayor and city councilmen. It is charged that a certain member of the city council, who was also a candidate to succeed himself as such member of the board of council, procured the consent of the clerk to arrange the ballots and caused and procured the clerk to permit him to assume the said duties of the clerk relative to the work of having the official ballots to be used at said city election prepared and the location of the names of the several candidates to be voted for at the city election properly placed and arranged on the ballots, and that he fraudulently and for the unlawful and fraudulent purpose, design, and intent to give to the said contestee an unlawful and undue advantage over the contestant at said election for the office of police judge, and with the consent of the contestee, prepared and arranged the ballots and caused them to be printed as they were, and as a result of such arrangement of the names of the candidates and devices, it gave to the contestee an unlawful and undue advantage over contestant. Thus it will be seen that contestant bases his cause of action upon fraud and collusion between a member of the board of council and contestee.

The evidence of contestee, the county court clerk and the city clerk, who had charge of arranging the ballots, and the editor and publisher of the paper who printed and prepared the ballots, was taken, and they all denied any collusion or understanding between themselves respecting the arrangement and preparation of the ballots and denied having any knowledge of how the error occurred in printing and arranging the ballots. There is no evidence conducing to show any fraud on part of any one concerned.

It will be noticed that the respective petitions of contestee and the mayor and councilmen ticket both designated the horseshoe for their respective emblems with the words "Citizen's Progressive Ticket" to be printed over the horseshoe for the mayor-councilmen ticket, and the words "Citizen's Ticket" over the horseshoe for contestee. Thus it will be noticed that the only

difference in the devices and emblems of these tickets was that the word "Progressive" appears over the horseshoe in one where it does not appear in the other. It is not only possible, but very probable, that the clerk or others who arranged the ballots, failed to observe the slight difference in the emblems and devices which were called for and designated in the respective petitions of contestee Hord and the ticket for mayor and councilmen, and that the error was an innocent mistake on the part of the clerk or others who arranged the ballots. But, however this may be, contestant failed to establish his charge of fraud on which he relied for his cause of action. Fraud will not be presumed; but on the contrary the law presumes honesty and fair dealing and good faith in all lawful transactions, and one who charges fraud assumes the burden of sustaining his accusation by such evidence as will overcome the legal presumption of innocence and honesty. Dennis v. Thomson et al., 240 Ky. 727, 43 S. W. (2d) 18, and cases cited therein.

Fraud may be proved by positive evidence or circumstances and inferences fairly and reasonably deducible therefrom, but it may not be proved by mere inference, conjecture, or suspicion, and where the proven facts or circumstances merely show either inference, conjecture, or suspicion, it must be regarded as a failure of proof to establish fraud.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.