## Goerter v. Shapiro.

(Decided June 6, 1934.)

DUDLEY L. CLARKE and RAYMOND C. ARNY for appellant.

BATSON, CARY & WELCH for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

By a writing dated November 30, 1931, the appellee, George Shapiro, proposed to sell to the appellant, Carrie L. Goerter, a lot and an apartment house thereon located on St. Joseph street in the city of Louisville, Ky., for a consideration set out in the writing. The writing described the lot as being 44' x 40', more or less. Following the words "more or less" are interlined the words "including all the west sidewalk." On the same day appellant accepted the proposition, and on the 7th day of December, 1931, a deed of conveyance was executed by appellee and his wife to appellant for the property apparently as described in the previous writing. The consideration for the property was all paid except $315.18, for which sum appellant executed her note to appellee, and to secure same a lien was retained in the deed. The note was not paid at maturity, and soon thereafter appellee instituted this suit in the Jefferson circuit court to collect the note and foreclose the lien against the property securing same.

By answer, appellant, defendant below, admitted the purchase of the property and execution of the note and pleaded as a defense to the note that appellee did not convey to her all the property contracted and agreed to be conveyed and alleged that appellee agreed to convey to her a plot of land "44' x 40' more or less including all the west sidewalk," and that he pointed out to her a point in the coping of the fence where the new concrete began as his line, which included all the west sidewalk, which would have made a plot of land 43' 9" x 42' 3" and that the error in the deed was either by mutual mistake or by mistake on the part of the appellant or by fraud and inequitable conduct on the part of appellee, and prayed that the contract be canceled and the parties put in status quo or that the deed be reformed so as to include all the property that appellee had agreed to convey to appellant up to and including the line pointed out to her by appellee, making the dimensions of the property 43' 9" x 42' 3". The issues were made up and the proof taken and the chancellor rendered a judgment in favor of appellee for the sum of his note with a lien against the property as retained in the deed, and from that judgment this appeal is prosecuted.

Appellee insists that he conveyed to appellant the property described in the writing, contract, or option and that the deed is in accordance therewith. He testified that the words "including all the west sidewalk"

had been inserted in the original contract since he signed same, and that the contract he entered into was for a lot 44′ x 40′, more or less. The original typewritten deed is filed with the record, and there appears on the face of the deed. certain interlineations in ink corresponding to the interlineations in the original contract. The original contract is also filed with the record, which contract is partly in print and partly written by pen with blue ink except in the description or dimensions of the lot, the figures "44" and "40" and the interlined words "more or less including all the west sidewalk," are in black ink.

It is argued for appellee that the interlined words, "including all the west sidewalk" are a forgery and that the figures "44" and "40" and the words "more or less" were traced with black ink in order that they correspond to the words "including all the west sidewalk." We have personally examined under magnifying glass the words and figures in question, and it is apparent that there have been used different colors of ink. H. G. Boggess, who was the mutual agent for appellant and appellee, negotiated the trade between them, and he testified that he drew the original contract and wrote it with his fountain pen or with two fountain pens, and that he did not remember which. He testified that the contract contained the words "including all the west sidewalk" at the time it was signed by appellee. After the original contract was signed, Boggess, the agent, made a copy of it which he furnished appellee, which copy is filed with the record here and does not include the words "including all the west sidewalk." We note the following questions and answers thereto:

"Q. After Mrs. Goerter signed this contract, did you furnish Mr. Shapiro with a copy as you remember? A. Not a carbon copy.

"Q. But you furnished him what was a copy of the contract? A. Well it might not have been word for word. Those propositions I never make a carbon copy because I never carry any carbon with me. I generally use one original contract, but sometimes a fellow asks for a copy, and it might not be word for word; I might leave out an exception or something like that, but when it is requested I get it.

"Q. Is this contract entirely in your handwriting with the exception of the signatures? A.

Yes; written in my hand, and with my fountain pen or two fountain pens, I don't know which.''

Appellee denies that he pointed out the break in the coping or concrete as the line of his property or the line to which he contracted to convey to appellee, and denies that he was present at the time she claims he pointed out to her such lines.

A written instrument may be reformed where there is an allegation and proof of mutual mistake or of a mistake upon one side and fraud upon the other. It is very clear from the evidence that, if there was a mistake between the appellant and appellee, it was only on the part of appellant, and a mistake of one party only does not constitute grounds for reformation of the contract. Scott v. Spurr, 169 Ky. 575, 184 S. W. 866; Williams v. Harvey, 192 Ky. 684, 234 S. W. 315; Kentucky Title Co. v. Hail, 219 Ky. 256, 292 S. W. 817.

On the issues as to whether or not appellee practiced a fraud upon appellant in pointing out to her and contracting with her to convey to her property including all the west sidewalk was an issue of fact to be determined by the chancellor and which we will not disturb unless his finding is not sufficiently supported by the evidence.

Fraud will not be presumed, and one who charges fraud assumes the burden of sustaining his accusation by clear and convincing evidence sufficient to overcome the legal presumption of innocence and honesty. Fraud may be proved by positive evidence or circumstances and inferences fairly and reasonably deducible therefrom, but it may not be proved by mere inferences, conjecture, or suspicion, and, where the proven facts or circumstances merely show inferences, conjecture, or suspicion, or such as to leave reasonably prudent minds in doubt, it must be regarded as a failure of proof to establish fraud. Rice v. Hord, 252 Ky. 469, 67 S. W. (2d) 715, and cases cited therein.

True it is that appellant and two other witnesses testified that appellee did point out to appellant a line which included more property than conveyed in the deed. As against their testimony we have the testimony of appellee only, but he is corroborated by the attendant circumstances. The copy of the contract furnished appellee by the agent, Boggess, does not correspond with

the original, and moreover the irregularites on the face of the original contract respecting the interlined words and different colors of ink and Boggess' unsatisfactory explanation as to why he wrote the contract with his fountain pen "or with two pens" containing different colors of ink tends to strongly corroborate appellee in his contention that he only contracted to sell to appellant a lot 44' x 40' more or less, and that the words "including all the west sidewalk" were not included in the contract at the time appellee signed it.

The positive evidence of the witnesses and the attendant circumstances were matters for the chancellor to give such weight as he may have deemed proper, and we are unable to say that his finding is not supported by sufficient evidence.

The judgment is affirmed.