**Charles WILSON, Appellant,**

v.

**Mart HENRY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 18, 1960.

Marion Rider, Frankfort, for appellant.

William A. Young, Frankfort, for appellees.

MOREMEN, Judge.

Appellant, Charles Wilson, entered into negotiations with appellee, Mart Henry, and others, for the purchase of a 132 acre farm. Wilson was taken to the farm by Hollis Graves, a real estate agent, where they met Henry and his two children who had some interest in the property. There appellant asked Henry about the tobacco acreage which attached to the place and he responded that he was working 4.69 acres but of such acreage he had leased .4 of an acre from a man named Serafini and one acre belonged to the estate of his mother, leaving 3.29 acres which went with the farm. After a little trading appellant agreed to purchase the farm for $44,000.. They met that afternoon to prepare the contract of sale in Graves' office on which occasion appellant requested Graves to telephone the Agricul-tural Stabilization Committee of Franklin County to check the tobacco acreage. Mrs. Elsie Graves, who was in charge of the ASC office, indicated that it would take some time to check the records. Thereupon appellant and appellee went to her office where, appellant relates, this occurred:

"Q. Who reported back to you that there was 3.29 acres? A. Well, she said 'it takes a little while for me to get the figures on it' so in the meantime we says, 'well, we'll just go over there.' So we left the office, Mr. Henry and I left the—

"Counsel: (interposing)

"Q. All right, what happened? A. We got over there at the ASC office and I told Mrs. Graves that I was purchasing Mr. Henry's farm and I wanted to know the amount of tobacco that goes with—that went with the farm. So she goes over to the files and she comes back with a paper and says 'right now there's 4.69 acres on the farm.' But she says 'Mr. Henry has got some tobacco leased that belongs to others, but I don't think that under this new regulation that we are talking on now either one of you is going to be able to use that.' So she set that down on a piece of paper.

"Q. What was that? A. .4

"Q. What—

"By the Witness (Interposing)

"A. That he had leased from Serafini. She sets that down on a piece of paper. Mr. Henry spoke up and said 'I've got an acre that belongs to my mother's place.' So she set the acre down and took away from the 4.69, right there, and said 'the base that goes with the farm was 3.29'. Well, the question in my mind was satisfied, it was settled, as far as that it was settled. I never let it enter me any more because she had told me from her paper what the base was on the farm, and I

knew it couldn't be added to or took away and I wasn't any more interested about it, and we went on back to Graves' office."

After that the sale was consummated. About five months later appellant ascertained that instead of 3.29 acres of tobacco allotment, the farm had only 2.55 acres. Thereafter this suit was instituted whereby appellant sought damages in the sum of $7,500 and alleged that the representation made to him by appellee concerning tobacco acreage was false and known by appellee to be false and with the intent and purpose that it should be acted upon by appellant; that he would not have purchased the farm if he had known that the representation was in fact false.

When the case came on to be tried and at the conclusion of the testimony of appellant on direct examination, the trial court held that the appellant did not rely upon the alleged false representation of appellee, and entered a judgment dismissing the complaint.

■ The very essence of actionable fraud or deceit is the belief in and reliance upon the statements of the party who seeks to perpetrate the fraud. Snyder v. Rhinehart, 274 Ky. 274, 118 S.W.2d 543; Cox v. Lilly, 200 Ky. 195, 254 S.W. 759; and Church v. Eastham, Ky., 331 S.W.2d 718. Where the plaintiff does not believe the statements—Riddell v. Kirby, 229 Ky. 242, 16 S.W.2d 1057—or where he has knowledge to the contrary—Kaze v. Compton, Ky., 283 S.W.2d 204—recovery is denied.

We are not unmindful of the rule that one relying wholly on a false representation is not barred from relief merely because he made an independent inquiry and it failed to reveal the truth. See 37 C.J.S. Fraud § 37 b.

■ Here appellant did not rely wholly on the representation. He testified:

"Q. Did you rely on the statement? A. Well I knew when he told me out at the farm that it was 3.29 acres—when he took off what he said take off it left 3.29 acres.

"Q. Did you believe it and rely on it? A. Well, yes. I thought the man knew what he was talking about; I thought he would know what base he had—what went with the farm.

"Q. Did you rely on it? A. *Well, I wouldn't say it exactly that way, because I knew when I come down to town I had a way of finding out.*

"Q. Did you rely on it after you got to town? A. Well, I didn't doubt it; I thought the man knew what he was selling me.

"Q. Now after you got to town, when Mr. Henry told this girl there was only the .4 off that he was renting from Serafini and the acre which went with his mother's farm, did you rely on that? A. Sure I did, yes, sir."

Thus it is plain that appellant placed his reliance on the records of ASC rather than on the statements made by appellee. The last answer made in response to a rather suggestive question must be interpreted in light of his previous testimony quoted first above in this opinion. It will be noted that Mrs. Graves had gone to the files, had returned and was in the process of calculating the allotment when Henry said "I've got an acre that belongs to my mother's place." She finished her deductions and said, "The base that goes with the farm is 3.29." This was appellant's reaction: "Well, the question in my mind was satisfied, it was settled, as far as that it was settled."

The only reasonable inference which may be drawn from appellant's testimony is that he relied entirely on the statement of Mrs. Graves of the office of ASC.

The trial court was correct in dismissing the complaint after appellant had testified in chief.

Judgment affirmed.