**Welby L. GOODALL et al., Appellants,**

v.

**ROLLING RIDGE, INC., a Corporation, Appellee.**

Court of Appeals of Kentucky.

June 22, 1962.

H. Bemis Lawrence, Louisville, for appellants.

Erwin A. Sherman, Richard C. Oldham, Louisville, for appellee.

WADDILL, Commissioner.

Appellee, Rolling Ridge, Incorporated, instituted this action to foreclose its vendor's lien on certain subdivision lots which it had sold to appellants, Welby and Elvy Goodall and their wives. By answer and counter-claim appellants sought a cancellation of the contracts they executed in connection with the purchase of these lots on the ground that they had been fraudulently obtained by appellee's president, R. S. Trigg. Following a hearing the trial court found that no fraud had been perpetrated upon appellants since they knew the true condition and status of the lots prior to the consummation of the sale. A judgment was entered granting appellee the relief it sought.

Appellants maintain that the trial court erred in not sustaining their claim of fraud and in not holding as a matter of law that they were entitled to relief under the doctrine of "impossibility of performance."

Appellants, who are engaged in the business of building and selling houses, entered into negotiations with appellee's officers to purchase numerous lots in a subdivision for the purpose of building houses thereon.

The contract of sale ultimately executed by these parties involved some lots which had been approved for septic tank use and a few lots that are involved in this action which have never been so approved. Appellants argue that at the time of sale Trigg concealed the fact that he knew these latter mentioned lots, due to poor percolation, did not meet the requirements of the Health Department of Jefferson County for the use of septic tanks and that building permits could not be obtained for the construction of houses with septic tanks on these lots. Trigg insists the appellants knew these facts but proceeded to purchase the lots when they obtained a reduction of $500 on the price of each lot included in the contract of sale.

Several witnesses testified to statements made by the Goodalls and Trigg during their negotiations which clearly show the Goodalls were informed of the difficulty in obtaining permission to install septic tanks on these lots. Elvy Goodall admitted that he was told by an official of the Health Department prior to the sale that these lots had not been approved for septic tank use. Furthermore, there was evidence that the Goodalls knew of and accepted the risk involved in obtaining building permits for the construction of houses which would require the use of septic tanks on these lots. Consequently, there was sufficient proof to support the trial court's finding that appellee was not guilty of fraud. Wilson v. Henry, Ky., 340 S.W.2d 449.

Appellants further contend that they are not bound by the contract under the doctrine of "impossibility of performance" since appellee's officers knew that appellants were purchasing the lots for the purpose of constructing houses upon them. The fallacy of this contention lies in the fact that there is insufficient evidence upon which the court could conclude that only houses with septic tanks were to be built by the appellants. While it may be onerous or unprofitable to build houses with some other means of sewage disposal, this fact does not excuse performance by appellants. Frazier v. Collins, 300 Ky. 18, 187 S.W.2d 816; Mid-Continent Petroleum Corp. v. Barrett, 297 Ky. 709, 181 S.W.2d 60. Therefore, we uphold the judgment entered in the circuit court.

Judgment affirmed.