Daniel L. O'BRIEN et al., Appellants,

v.

Leora W. MARVIN, Appellee.

Court of Appeals of Kentucky.

Feb. 19, 1965.

J. W. Jones, Louisville, for appellants.

Fielden Woodward, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellee.

MONTGOMERY, Judge.

Daniel L. and Selma D. O'Brien sued to recover $12,500 in damages from Leora W. Marvin for alleged fraudulent representations and fraudulent suppression of facts concerning the condition of a residence purchased by them in 1960. At the conclusion of the introduction of all of the evidence, the court directed a verdict in favor of the seller. The O'Briens have appealed from the judgment entered thereon.

They urge that: (1) The court erred in directing the verdict; (2) the appellee should have made a full disclosure concerning certain damage caused by fire; and (3) certain evidence was erroneously rejected.

Appellee listed her residence with a real estate agent to sell. Appellants were first shown the property on March 31, 1960. They signed a contract to purchase on April 7, 1960. The complete purchase price was paid and a deed was delivered on June 10, 1960.

The testimony is conflicting as to how many times appellants had been told that there had been a fire in the house and the extent of the fire. Appellants admitted that before they signed the contract and before completion of the transaction they had visited the house several times and had knowledge of the fire. They testified to having observed damage which could have been caused by fire, including a blackened door. It is admitted that appellants had such knowledge of the fire as would have enabled them to discover further evidence of the fire and resultant damage had they investigated the matter more diligently.

In Sohan v. Gibson, 118 Ky. 403, 80 S.W. 1173, it was held that where prior to a sale of land the purchaser had made personal examinations thereof and had been afforded every opportunity to discover the truth or falsity of the seller's representation, the purchaser could not be regarded as having relied on the seller's representations so as to be entitled to recover on the ground that the representations were false. Osborne v. Howard, 195 Ky. 533, 242 S.W. 852; Baxter v. Davis, 252 Ky. 525, 67 S.W.2d 678. See also 55 Am.Jur., Vendor and Seller, Section 65, page 536.

In the sale contract of the real estate it was provided that the parties were not relying on verbal statements and that the purchasers had examined the property, were thoroughly acquainted with its condition, and accepted it as such. In Bryant v. Troutman, Ky., 287 S.W.2d 918, the contract contained a similar provision, and it was held that the seller would not be liable for concealment of apparent defects of such nature that the purchaser could have discovered them by the exercise of ordinary diligence.

The appellants had information of the fire and had more than one opportunity to examine the house and discover the damage of which they complain. Their observations of water damage and information as to a blackened door were sufficient to apprise them of possible damage, which observations if diligently pursued would have disclosed full notice of the damage. Hav-

ing chosen to rely on their own examination, they were properly denied the right to rely on any alleged fraudulent representations or suppression of facts.

■ The burden is on the party asserting fraud to establish it by clear and convincing proof. Rice v. Hord, 252 Ky. 469, 67 S.W.2d 715; Terrill v. Carpenter, D.C., 143 F.Supp. 747, affirmed 6 Cir., 249 F.2d 142. The motion for a directed verdict in favor of appellee was correctly sustained. The several cases relied on by appellants are distinguishable on different grounds, principally because they deal with cases of concealment without examination or opportunity to examine.

Appellants urge that the trial court erroneously rejected the deposition of John J. Kaelin. Kaelin's testimony concerned the fire loss claim filed by appellee. Kaelin was superintendent of the fire insurance company that had the insurance coverage. He had an office in Louisville.

■ It is urged that Kaelin's deposition was admissible under authority of Gus Dattilo Fruit Co. v. Louisville & N. R. Co., 238 Ky. 322, 37 S.W.2d 856. Appellee says that there was no showing that Kaelin came within any of the exceptions of CR 26.04(3) and that his personal attendance could have been commanded under CR 45. Further, appellee urges that the deposition was inadmissible on the ground that the report referred to in Kaelin's deposition was not made by him or his company but was made by the employees of an adjustment and inspection company and that neither Kaelin nor anyone in his company had any personal knowledge of the truth of the report's contents. The materiality of the report was also questioned, in that the deposition dealt with the extent of a fire loss in 1956 while the issue on trial was the condition of the house at the time of the sale in 1960. The deposition was properly rejected.

Judgment affirmed.