The foregoing shall constitute the Court's further Findings of Fact and Conclusions of Law.

Walter HUMPHREY, et al., Plaintiffs,

v.

DEALERS TRANSPORT, et al., Defendants.

Civ. A. No. 4709.

United States District Court
W. D. Kentucky,
at Louisville.

Oct. 19, 1967.

---

34. *Cf.* United States v. Haskin, 395 F.2d 503, 508 (10th Cir. 1968).

35. 94 F.Supp. 952 (S.D.N.Y.1950).

36. *See* 399 F.2d 936, 939 n. 1 (2d Cir. 1968).

H. Solomon Horen, Josephine Hughett, Louisville, Ky., Mozart Ratner, Washington, D. C., W. S. Zeman, Hartford, Conn., for plaintiffs.

George H. Logan, Edgar A. Zingman, Wyatt, Grafton & Sloss, Louisville, Ky., Newell N. Fowler, Memphis, Tenn., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BROOKS, Chief Judge.

The defendants, Dealers Transport Company and E and L Transport Company, were each in the business of transporting new Ford automobiles from the assembly plant in Louisville, Kentucky. In the face of declining business resulting from several factors, the two companies were informed by Ford that there was room for only one of them in the Louisville operation. After considering the matter for several months the two companies made an arrangement whereby E and L would sell to Dealers its secondary authority out of Louisville, the purchase price to be a nominal sum approximately equal to the cost of effecting the transfer of authority; E and L would also sell to Dealers its authority to serve certain points in Mississippi and Louisiana. Dealers would sell to E and L its initial authority out of Lorraine, Ohio. These transfers were subject to the approval of the Interstate Commerce Commission and the proceedings were of public record.

The employees of both E and L and Dealers were represented by Teamsters Local Union #89. Paul Priddy, President of Local #89, as the result of inquiry from E and L by his assistant, understood that the transaction between the companies involved no trades, sales or exchanges of property but only a withdrawal by E and L at the direction of the Ford Motor Company.

It is the position of the plaintiff that the information furnished to the Union by E and L and Dealers was intentionally erroneous. It is further their position that said erroneous information consti-

tuted fraud by the defendants. It is clear from the record, however, in Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), that all of the facts were subsequently known and were timely presented to the Joint Grievance Committee at Detroit. Clearly, the decision of the Joint Committee was in no way influenced or made erroneous by the alleged antecedent fraud of the defendants. As pointed out by the Supreme Court in Humphrey v. Moore, supra, the Dealers employees were represented at the hearing and they did not request a continuance in order to be better represented after they found out that Priddy was going to recommend that the Seniority Boards of the two companies be dovetailed.

As also stated in that decision, the Dealers employees in no way suggested what they could have added to the hearing by way of facts or theory if they had been differently represented. The Supreme Court agreed with the opinion of Judge Smith in the Jefferson Circuit Court that it would be "idle speculation to assume that the result would have been different had the matter been differently presented." Humphrey v. Moore, supra.

The decision of the Committee was within its power, as so stated by the Supreme Court, and its decision was both fair and equitable.

The defendant, Dealers, maintained a neutral position throughout the entire Joint Grievance Committee hearing. After the Joint Committee's decision, Dealers Transport started to implement said decision by laying off some of its employees and by hiring E and L employees. (Snipes deposition p. 90). At this time a group of Dealers employees filed suit in the Jefferson Circuit Court seeking to enjoin implementation of the Joint Committee decision. The Circuit Court upheld said decision but on appeal the Court of Appeals of Kentucky issued an injunction. When the injunction was issued Dealers ceased sandwiching the two Seniority Boards, discharged the E and L employees and rehired its own previous employees.

Plaintiffs argue that the alleged antecedent fraud of Dealers and E and L permeated all actions that occurred thereafter. They argue that this fraud caused and brought about the law suit that was filed by the Dealers employees and as a result the ultimate injunction that was issued by the Kentucky Court of Appeals. Plaintiffs argue that Dealers was forced to obey the decision of the Joint Committee. This latter point is true, however, the injunction was legally binding on Dealers Transport and they had no choice but to cease sandwiching the two employee Boards.

Plaintiffs argue that the defendants cannot use the injunction as a defense because they were bound to prevent the injunction from being issued and they were further bound to take all possible steps to void said injunction once it had been issued. Plaintiffs cite a great deal of authority to support this position; however, said authority is totally distinguishable upon the facts. Plaintiffs' cases for the most part deal with a situation where there is a contractual agreement between two parties and one of the parties either through its own action or by inaction allows an injunction to be issued against it, thereby preventing said party from fulfilling its contractual obligations. In the instant case the facts are totally different. As pointed out by every court that considered the case of Humphrey v. Moore, the employer, Dealers Transport, considered the controversy to be a dispute within the Union. Dealers Transport remained neutral. Even though Dealers Transport was bound to enforce the Joint Committee decision it could not and did not have any power to prevent the law suits that were in fact filed. In fact, for Dealers to have taken a position of advocacy, either for or against either one of the employee groups, would have no doubt constituted an unfair labor practice. Title 29 United States Code Section 158. Dealers Transport was helpless to prevent the injunction that was issued. The Defend-

ant, E and L Transport Company, was not even a party to the injunction proceedings and the litigation in Humphrey v. Moore and obviously cannot be charged with any negligence or liability for action or inaction in that litigation. Plaintiffs' contention that there would not have been an injunction nor any law suit had it not been for the antecedent fraud of the defendants is a very speculative and tenuous theory that pyramids inference upon inference. If the Joint Committee decision was fair, as the Supreme Court has held, then surely all that took place afterwards cannot be blamed upon the alleged antecedent fraud.

To assume that there would not have been a law suit challenging the Joint Committee's decision had the defendants not engaged in the alleged misrepresentation is to be very naive. The statements by Priddy to the E and L employees that their jobs were tenuous, caused them to file a grievance. The Court cannot now say that if the opposite information had been given to the respective employees that there would not have been a grievance filed by the Dealers employees. In fact the history of this case quite clearly shows that there would have been a grievance filed. Instead of filing a grievance the Dealers employees presented their case before the Joint Committee. In addition those unsuccessful Dealers employees filed a suit to challenge the Committee's decision. It is quite fair to assume that had the Dealers group been successful before the Joint Committee that the E and L employees would have filed a similar suit.

Plaintiffs argue that Dealers should have been more of an advocate in its attempt to prevent the injunction and to set aside said injunction. It is true that Dealers maintained its neutrality in all Courts, however, the respective employees of both companies were adequately represented at all stages of the proceedings. It would have been quite futile for Dealers to have been more of an advocate, and this Court is certainly not prepared to say that the result would have been any different regardless of the position Dealers might have taken.

This Court interprets Humphrey v. Moore as approving, or certainly not condemning, the position that Dealers took. In addition the very recent Kentucky case of Ball v. Eastern Coal Corporation, Ky., 415 S.W.2d 620 (March, 1967), was a case with very, very similar facts to Humphrey v. Moore. Judge Palmore followed Humphrey v. Moore and in that case approved of the relatively neutral position taken by the employer.

Dealers Transport Company argues in this Court that the issue of fraud was settled in the case of Humphrey v. Moore. It is true, as stated in the Supreme Court decision, that there were no allegations of fraud against Dealers. Plaintiffs argue that this is not dispositive of the issue, however, since it was not necessary to raise that issue in that case. This position is not persuasive. The reading of Humphrey v. Moore, as well as the reading of the record in this case, coupled with the statements of plaintiffs' counsel as to what plaintiffs plan to prove in this case, if same should be tried, indicates that the alleged fraud committed by Dealers and E and L is without merit. It should be noted that the plaintiffs, Dealers Transport, Local #89 and the Dealers employees were all parties to Humphrey v. Moore. It is hard to believe that if any party in the former law suit had considered Dealers guilty of any misrepresentation that they would not have raised said issue in the first law suit. To raise same now seems to be an afterthought.

## CONCLUSIONS OF LAW

It is the finding of this Court that even if the defendants, Dealers Transport and E and L Transport, were guilty of fraud as alleged by the plaintiffs, said misrepresentations were adequately discovered by the plaintiffs and/or their representatives in advance of the Joint Grievance Committee hearing in Detroit. As a result, the plaintiffs were in no way misled by said fraud, they did not rely to their detriment on

said statements, and any possible adverse effects said fraud could have had were cured by the full hearing that was held at Detroit and whose decision was found by the Supreme Court to be fair and equitable. Morgan v. Graham, 228 F.2d 625, 54 A.L.R.2d 1290 (10th Cir. 1956); Wilson v. Henry, Ky., 340 S.W.2d 449 (1960); O'Brien v. Marvin, Ky., 387 S.W.2d 282 (1965); Snyder v. Rhinehart, 274 Ky. 274, 118 S.W.2d 543 (1938); McGuffin v. Smith, 215 Ky. 606, 286 S.W. 884 (1926); 23 Am.Jur., Fraud and Deceit, sec. 141 et seq.

The alleged antecedent fraud of the defendants was not responsible for the law suit that was filed by Dealers employees. It would be stretching the imagination to rule as a matter of law that but for said alleged fraud no law suits would have been filed.

■ In addition, it is the opinion of the Court that it was impossible for Dealers Transport to prevent the issuance of the injunction by the Kentucky Court of Appeals. As a result they had no choice but to obey said injunction and to cease implementing the decision of the Joint Grievance Committee. Chicago, B & Q R.R. Co. v. Fowler, 224 Mo.App. 736, 27 S.W.2d 72 (1930).

■ Likewise, the neutral position taken by Dealers throughout the controversy was fair and necessary. Title 29 United States Code 158; Ball v. Eastern Coal Corporation, Ky., 415 S.W.2d 620 (1967).

All parties to Humphrey v. Moore were more than adequately represented, especially these plaintiffs who were successful in said litigation. It would have been futile for Dealers to have taken a more active role in said law suit. It is idle speculation for the plaintiffs to argue that Dealers could have in any way changed the course of events that occurred in that law suit.

■ Inasmuch as defendant, E and L Transport Company, was not a party to the litigation, it could not be charged with any responsibility or liability for any alleged damages resulting from the injunction.

■ Even if plaintiffs' theories of fraud and misrepresentation were deemed actionable, this Court finds that as a matter of law no damages will lie for the period of delays during which the injunction of the Court of Appeals was in effect.

If Dealers has improperly sandwiched any former E and L employees into its operation, then said employees have a remedy under the Grievance procedure of their contract in Article 4, Section 1.

Judgment in accordance with these findings of fact and conclusions of law is this day ordered. October 19, 1967.